**Robert ROBERTS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20943.**

United States Court of Appeals District of Columbia Circuit.

Argued March 4, 1968.

Decided April 2, 1968.

Mr. Robert Bruce Hirsch, Washington, D. C. (appointed by this court) for appellant.

Mr. Joel M. Finkelstein, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Miss Judith Ann Wilson, Asst. U. S. Attys., were on the brief, for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from the denial by the District Court of Appellant's motion to vacate the sentence imposed following his conviction for rape, robbery, and sodomy. The only claim is that the sentence is cruel and unusual punishment because the imprisonment caused Appellant to become mentally disturbed and ill and because he thus could not conform to prison regulations and therefore would not become eligible for parole in less than the maximum sentence.

Two years after commitment to prison he was transferred to a governmental hospital where his condition improved; he was returned to prison after two years of treatment. He is now again in Saint Elizabeths Hospital receiving treatment. Medical testimony at the hearing on Appellant's motion to vacate his sentence indicated that the pressures of prison confinement and the prospect of long confinement caused or contributed to his disturbed condition and that hospital treatment has relieved this. There was also expert testimony that removal of the sentence would not cure Appellant's condition.

There is nothing unique, of course, in the development of mental and emotional disorders as a result of prison confine-

ment. The impact of confinement will vary from person to person; some will adjust so that it becomes tolerable, others will not. The record discloses that Appellant's confinement has included extended rehabilitation treatment for his mental illness.

The central thrust of Appellant's claim is that, when a person is so constituted temperamentally and emotionally that he cannot cope with confinement and the prospect of long incarceration, a prolonged sentence such as here—10 to 30 years—is, as to him, a "cruel and unusual punishment" forbidden by the eighth amendment to the Constitution. Appellant acknowledges that he can point to no decision or other authority to support his claim except as he argues that Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), prohibits punishment for a condition or status of health. From this he argues that, because his unstable state will lead to conduct on his part while in prison which will extend his confinement beyond the ten years and possibly up to the thirty-year maximum, he is in effect being punished for his mental condition. We reject this contention as unsupported by either reason or decisions.

We note that as recently as 1958 the Supreme Court, per Chief Justice Warren, striking down deprivation of citizenship for desertion of a soldier in time of war said

> While the State has the power to punish, the Amendment stands to assure that this power be exercised within the limits of civilized standards. Fines, imprisonment and even execution may be imposed depending upon the enormity of the crime, but *any technique outside the bounds of these traditional penalties is constitutionally suspect.*

*Trop* v. *Dulles*, 356 U.S. 86, 100, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (emphasis added).

Plainly this case does not involve "any technique outside the bounds of these traditional penalties * * *", nor does it involve a claim that Appellant is receiving no treatment for his mental illness, thus Appellant's sole claim is totally without merit.

Affirmed.